**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**WILLIAM GRIMSHAW**                                                          **PLAINTIFF**

        **v.**                   **Civil No. 08-3035**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                          **DEFENDANT**

### O R D E R

Now on this 11th day of August, 2008, comes on for consideration plaintiff's **Motion To Remand** (document #8), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiff brought suit in the Circuit Court of Baxter County, Arkansas, alleging that defendant breached the terms of a contract of insurance by failing to pay him $5,000 in medical payments following a motorcycle accident in which he sustained personal injury. This conduct is also said to violate the Arkansas Deceptive Trade Practices Act, and to constitute the tort of bad faith.

In addition, plaintiff seeks declaratory judgment that he will not be "made whole" by a settlement he proposes to enter with the tortfeasor responsible for the motorcycle accident, so that defendant will not be entitled to recoup any medical payments made under the insurance contract. The declaratory judgment count thus appears to relate to the same $5,000 in coverage as the other counts.

The Complaint prays for compensatory damages in the amount of $5,000; for punitive damages; and for attorney's fees, costs, statutory penalty, and interest.

2. Defendant removed the suit to this Court, contending that diversity of citizenship exists, and that the amount in controversy exceeds $75,000.

3. Plaintiff now moves to remand, contending that the amount in controversy does not exceed $75,000. He points out that the compensatory damages are limited to $5,000 -- the amount payable under the insurance contract -- and argues that under **A.R.C.P. 8,** his punitive damages claim for an unspecified amount is limited to an amount less than that required for diversity jurisdiction in this Court. He also argues that "very few punitive damage awards exceeding a single digit ratio between punitive and compensatory damages satisfy due process." Thus he calculates that the limits of his demand do not exceed $75,000.

4. Defendant points out that **A.R.C.P. 8** does not have the limiting effect claimed by plaintiff, citing **Haynes v. Louisville Ladder Group, LLC**, **341 F.Supp.2d 1064 (E.D. Ark. 2004)**("[s]tate rules of civil procedure may not determine federal jurisdiction"). It then makes its own computations, and suggests that with punitive damages and a 1/3 attorney's fee figured in, plaintiff could be awarded more than $75,000.

5. A case is removable on the basis of diversity of

citizenship where the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are diverse. **28 U.S.C. §1332.** Defendant, as the party seeking removal and opposing remand, has the burden of establishing the basis for federal jurisdiction, and all doubts must be resolved in favor of remand. **<u>In re Business Men's Assurance Co. of America</u>**, 992 F.2d 181 (8th Cir. 1993).

Where, as here, the determinative issue is the amount in controversy, the party invoking federal jurisdiction must demonstrate the requisite amount by a preponderance of the evidence. **<u>In re Minnesota Mutual Life Insurance Co. Sales Practices Litigation</u>**, 346 F.3d 830, 834 (8th Cir. 2003).

6. The categories of recovery that go to make up the jurisdictional amount in this case are compensatory damages, punitive damages, the statutory penalty, and attorney's fees.

Compensatory damages of only $5,000 are sought, based on the contractual provision for medical payments in that amount. If plaintiff prevails, he will also be entitled to a statutory penalty of 12%, or $600, pursuant to **A.C.A. §23-79-208.** Attorney's fees will be determined not by a percentage of recovery, as suggested by the defendant, but by multiplying the hours reasonably expended by a reasonable hourly rate. **<u>Burlington v. Dague</u>**, 505 U.S. 557 (1992).

7. In determining the amount in controversy, the potential

for punitive damages must be given closer scrutiny than the potential for compensatory damages. **Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994).** In this case, that scrutiny is guided by the fact that punitive damages -- should they be awarded -- are limited by the considerations stated in **BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996),** and reaffirmed in **State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).**

While a jury might award punitive damages in any amount, three factors have bearing on the amount of punitive damages that would survive a motion for remittitur:

* the reprehensibility of defendant's conduct;

* the difference between the compensatory and punitive damages awards; and

* punishment for comparable conduct.

When the matter is viewed in light of these considerations, it is clear that defendant has failed to meet its burden to show the potential for a punitive damages award that would carry the potential recovery in this case over the jurisdictional amount.

8. Reprehensibility is greatest where physical harm is involved; where there is evidence of indifference or reckless disregard for health and safety; where the plaintiff is financially vulnerable; where repeated conduct is involved; and where there is evidence of malice, trickery, or deceit. The dispute in the case at bar is a business matter which does not

involve physical harm or disregard for health or safety, and there is no allegation of malice, trickery or deceit. The allegation is that defendant had a policy of issuing medical payment checks only where medical providers were shown as a payee, and the dispute is whether that policy was within the terms of the insurance contract. The Court takes no position as to whether plaintiff will be able to convince a jury that this conduct merits punitive damages, but considers it unlikely that he will prove it to be highly reprehensible.

9. While the Supreme Court has declined to set a bright line ratio between compensatory and punitive damages awards, it indicated in **Campbell** that "few awards exceeding a single-digit ratio between punitive and compensatory damages" will satisfy due process. Using a multiplicand of 9, the highest punitive damages award that would pass muster in this case is $49,400, which -- added to $5,000 in compensatory damages and $600 in statutory penalty, would bring the potential recovery up to $55,000. Plaintiff would have to show entitlement to an attorney's fee in excess of $20,000 to reach the jurisdictional amount. For a case which appears as straightforward on its face as this one, the Court considers it unlikely either that punitive damages or attorney's fees would reach these amounts.

10. Punitive damages affirmed by the Arkansas courts for comparable conduct are below the amount plaintiff would have to

prove to bring himself within the jurisdictional amount. In a case where $4,500 was awarded for fraud in a commercial transaction, the Arkansas Court of Appeals held that a punitive damages award of $75,000 was unconstitutionally excessive, and remitted the award to $30,000, saying in *dicta* that "[w]e see the range of comparable sanctions as between approximately $15,000.00 and approximately $40,000.00," which reflected "adjusted awards in similar cases." **Jim Ray, Inc. v. Williams, 99 Ark. App. 315, --- S.W.3d ---, 2007 WL 1831790 (Ark. App. 2007).**

11. Given the foregoing examination of the **Gore/Campbell** factors, the Court can only conclude that there is serious doubt about whether diversity jurisdiction exists in this case. Certainly defendant has not proved the potential for a punitive damages award in the requisite amount by a preponderance of the evidence. For that reason, the Court concludes that the Motion To Remand has merit, and that this matter should be remanded to the Circuit Court of Baxter County, Arkansas.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Remand** (document #8) is **granted**, and this matter is remanded to the Circuit Court of Baxter County, Arkansas.

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**